IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MOUNTAIN LAUREL
ASSURANCE COMPANY,

    Plaintiff,

v.                                                                   No. 07-1105

JIMMY E. HARBER, and
ROBERTO GARZA, JR.,

    Defendants.

---

ORDER DENYING PLAINTIFF'S AND DEFENDANT'S
MOTIONS FOR SUMMARY JUDGMENT

---

On May 15, 2007, the Plaintiff, Mountain Laurel Assurance Co. ("Mountain Laurel" or "Plaintiff") filed this declaratory judgment action against the Defendants, Jimmy Harber ("Defendant") and Roberto Garza Jr., pursuant to 28 U.S.C. § 2201. The Plaintiff asks the Court to determine its obligations under a liability insurance policy issued to Harber. Both the Plaintiff and Defendant Harber filed motions for summary judgment. The Plaintiff's motion was timely, but the Defendant filed his motion more than two weeks past the April 25, 2008 dispositive motion deadline, set by the Scheduling Order in this case, without first seeking permission from the Court or demonstrating that there was good cause to amend the Scheduling Order to allow the late filed pleading. As such, the Defendant's motion is DENIED.[1] Upon consideration of the Plaintiff's

---

[1] Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

motion and Harber's response, the Court finds that disputed issues of material fact exist with regard to the question of insurance coverage, and thus, the Plaintiff's motion for summary judgment is DENIED.

FACTUAL BACKGROUND

Due to procedural defects in the Defendant's response, the facts specified in the Plaintiff's memorandum shall be deemed undisputed for the purpose of deciding this motion.[2]

The issue at the heart of this suit is whether an insurance policy issued by the Plaintiff covers claims arising from a collision involving one of the Defendant Harber's trucks driven by Defendant Garza. The Plaintiff issued Harber a Tennessee Commercial Auto Policy Agreement ("the policy") with a term beginning on July 17, 2004, and ending exactly one year later. (Docket Entry ("D.E.")

---

[2] Local Rule 7.2(d)(3) provides that

> the opponent of a motion for summary judgment who disputes any of the material facts upon which the proponent has relied . . . shall respond to the proponent's numbered designations, using the corresponding serial numbering, both in the response and by affixing to the response copies of the precise portions of the record relied upon to evidence the opponent's contention that the proponent's designated material facts are at issue.

L.R. 7.2(d)(3), Local Rules of the U.S. Dist. Ct. for the W. Dist. of Tenn. (emphasis added). On May 12, 2008, Defendant Jimmy Harber filed his response to the Plaintiff's motion for summary judgment. In his brief, the Defendant failed to respond specifically in opposition to the serially numbered facts submitted by the Plaintiff as required by Local Rule 7.2(d)(3); instead, the Defendant presented a factual summary in narrative form. This procedural defect forces the Court to assume that the Defendant does not dispute any of the facts recited in the Plaintiff's motion. See Featherston v. Charms Co., No. 04-2157M1/P, 2005 WL 1364621, at *1 n.1 (W.D. Tenn. May 10, 2005) (deeming moving party's statement of undisputed material facts as admitted where non-moving party responded to movant's statement of undisputed material facts by submitting "a two page narrative 'Facts' section, in which [the non-moving party] did not dispute the facts in [movant's] statement of undisputed facts").

2

No. 15, Pl.'s Statement of Facts ¶ 1.) This policy covered damages for which the insured was legally liable, but coverage was subject to specified exclusions and conditions. (Id. ¶ 2.) Claims arising from the operation of the insured vehicle on behalf of anyone other than the insured were excluded, as were claims that arose when the vehicle was towing–or in the process of being attached or detached from–any trailer not owned by the insured and listed in the policy. (Id. ¶ 6.) The policy also excluded claims that arose when the vehicle was transporting goods or merchandise for–or when the insured was acting as an agent or employee of–anyone else or any organization other than the insured. (Id.)

Defendant Harber runs a trucking business that transports freight. Although Harber owns the trucks and employs the drivers, his clients customarily provide the trailers, the goods, and the merchandise to be delivered. According to a Complaint filed with the Circuit Court in Crockett County, Tennessee, Garza, an employee of Harber, was involved in a collision while driving one of Harber's trucks. (D.E. No. 15, Ex. B, Compl. of Ronald Watson ¶¶ 7-8.) The accident happened as Garza was returning from hauling a trailer filled with merchandise owned by one of Harber's clients, Allon Delivery. (D.E. No. 15, Pl.'s Statement of Facts ¶ 4.) In his deposition, Garza testified that he had just returned from detaching the trailer at "Nichols' lot,"[3] and he was backing the truck into his driveway at his house when he "felt a bump," which turned out to be Robert Watson's vehicle colliding with his truck. (D.E. No. 19, Supp. Dep. of Garza, at 40-41, 44.) Garza exited his truck and saw that the other driver "had his head busted open." (Id. at 44.) Watson subsequently brought a personal injury suit against both Garza and Harber. (D.E. No. 15, Ex. B,

---

[3]According to Garza's deposition, Harber had an agreement with a lot-owner named Bill Nichols, who allowed Harber's drivers to leave their trailers in Nichols's garage when they were off-duty. (D.E. No. 19, Supp. Dep. of Garza, at 40-41.)

Compl. of Ronald Watson ¶¶ 11-15.) When Harber's deposition was taken, he testified that Garza had been "on duty" for Allon Delivery when the collision occurred. (Id. ¶ 5.)

The Plaintiff argues that it is entitled to summary judgment pursuant to the terms of the policy because it is undisputed that Garza was acting on behalf of Allon Delivery at the time of the collision. (D.E. No. 15, Mem. in Supp. Mot. for Summ. J., at 4.) Specifically, the Plaintiff points out that Garza had just detached a trailer owned by Allon Delivery, and that Harber admitted that Garza had been "on duty for Allon" at the time of the accident. (D.E. No. 15, Pl.'s Statement of Facts ¶ 4, 5.) Harber denies that Garza was acting as Allon Delivery's agent at the time of the accident. (D.E. No. 19, Mem. in Supp. of Resp. in Opp., at 5-9.) He argues that his position is supported by the following facts: the collision occurred while Garza was backing into his personal driveway for the purpose of cleaning the interior of the truck; there was no trailer attached to the truck; and a driving log indicated that Garza was off-duty when the collision occurred. (Id. at 3.) Harber further contends that the Plaintiff is precluded from seeking relief before this Court because the Crockett County Circuit Court had already ruled in a similar motion involving the Plaintiff and Harber. (Id. at 4-5.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that summary

> judgment . . . should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion

4

for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When the motion is supported by documentary proof, such as depositions and affidavits, the nonmoving party may not rest on the pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir.1998). It is insufficient for the nonmoving party "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [an] asserted cause[] of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)). Finally, the "judge may not make credibility determinations or weigh the evidence" at this stage in the litigation. Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## ANALYSIS

I.   Res Judicata and Collateral Estoppel

The Court will first address the Defendant's argument that this suit is barred because the Crockett County Circuit Court had ruled on a similar motion filed by the Plaintiff in previous litigation.

According to the Defendant, the Plaintiff originally filed a declaratory judgment action in state court. (D.E. No. 19, Mem. in Supp. of Resp. in Opp., at 4.) That court granted the Plaintiff's motion for summary judgment after Harber failed to submit a response. (Id.) The court later vacated its order granting summary judgment when Allon Delivery and Ronald Watson filed a motion to intervene. (Id. at 5.) The Plaintiff then voluntarily dismissed the suit in accordance with the Tennessee Rules of Civil Procedure[4] and initiated the present action in federal court. (Id.)

"Federal law requires [federal courts] to consult relevant state law to determine the potential preclusive effect of a prior state court judgment." Perez v. Aetna Life Ins. Co., 150 F.3d 550, 555 n.5 (6th Cir. 1998) (citing 28 U.S.C. § 1738). Thus, Tennessee's law on res judicata and collateral estoppel applies to this case. The Tennessee Supreme Court has held that res judicata "'bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit.'"

---

[4]The Tennessee Rules of Civil Procedure provide a longer time frame in which a plaintiff may seek voluntary dismissal than do their federal counterparts. Compare Tenn. R. Civ. P. 41.01 ("the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause . . . or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict."), with Fed. R. Civ. P. 41(a) ("the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or . . . a stipulation of dismissal signed by all parties who have appeared.").

Goeke v. Woods, 777 S.W.2d 347, 349 (Tenn. 1989) (quoting Massengil v. Scott, 738 S.W.2d 629, 631 (Tenn. 1987)). The doctrine applies, however, only if the prior judgment determined the rights of the parties on the merits. See, e.g., A.L. Kornman Co. v. Metro. Gov't of Nashville & Davidson County, Tenn., 391 S.W.2d 633, 636 (Tenn. 1965) ("Also well-established is the principle that res judicata applies only where there has been a previous adjudication upon the merits."); Young v. Barrow, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003) ("In order for the doctrine of res judicata to apply, the prior judgment must conclude the rights of the parties on the merits.") (citations omitted). "The doctrine of collateral estoppel is a corollary to the principle of res judicata[, which] operates to prevent relitigation of an issue which has been previously determined between the same parties in another suit . . . ." Dickerson v. Godfrey, 825 S.W.2d 692, 694 (Tenn. 1992).

"The party who asserts the doctrine of collateral estoppel . . . has the burden of proving that the issue was, in fact, determined in a prior suit between the same parties and that the issue's determination was necessary to the judgment." Id. at 695. Similarly, when a party raises the res judicata defense, that party must demonstrate that res judicata applies. Young, 130 S.W.3d at 64. In this case, Harber has failed to satisfy his burden of showing that the issue raised in the Plaintiff's declaratory judgment action was, in fact, determined by another court. Specifically, the Defendant did not file copies of either the state court's order dismissing the Plaintiff's suit or the order vacating the grant of summary judgment. Without these documents, this Court cannot determine whether the Crockett County Court's decisions were made on the merits. The Defendant's mere assertion that the state court's judgment was on the merits is insufficient. The

Court therefore rejects the Defendant's argument that res judicata or collateral estoppel precludes the instant declaratory judgment

II. <u>Policy Exclusions</u>

Because the Court's subject matter jurisdiction arises from diversity of citizenship pursuant to 28 U.S.C. § 1332, Tennessee substantive law applies. <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938). In order to decide this motion, however, the Court finds no need to consult Tennessee's law on contract construction because the parties agree as to the relevant terms of the policy, namely that the insurance policy at issue did not cover claims arising while the truck was being used on behalf of anyone or any organization other than the insured.[5] Considering this undisputed contractual provision in the context of this case, it is logical to conclude that if Garza was acting on behalf of anyone other than Harber (i.e. Allon Delivery) during the collision, then the policy would not cover, due to the exclusion clause, claims arising from the collision. Thus, the key issue is whether, at the time of the collision, Garza was acting on behalf of Allon Delivery.

In its motion for summary judgment, Mountain Laurel presented documentary proof that, on the day of the accident, Garza had been sent on a job for Allon Delivery. Further, the Plaintiff referenced the transcript of the deposition where Harber stated that he believed Garza to have been "on duty for Allon" at the time of the accident. This evidence tends to establish that

---

[5]Not only is the Plaintiff's factual summary of the contract deemed undisputed due to the Defendant's failure to properly formulate factual disputes in his response, see L.R. 7.2(d)(3), the Defendant even admits in his response that the policy excluded "from coverage, among other things, claims arising out of the operation of the insured automobile on behalf of anyone else or any organization other than the insured, or when the insured is acting as an agent or employee of anyone else or any organization other than the insured . . . ." (D.E. No. 19, Mem. in Supp. of Resp. in Opp., at 5.)

8

Garza was not acting on behalf of Harber when the accident occurred, and, as a result, the relevant exclusion in the policy would apply.  Considering these specific facts, the Court finds that the Plaintiff, as the moving party in the summary judgment motion, has sufficiently articulated its reasons for concluding that it is not liable under the disputed policy and has supported this position by referencing particular portions of the record.  Because the information put forth in the Plaintiff's motion meets the movant's initial responsibility of showing that the record does not contain any genuine issue of material fact, Harber must now point to "specific facts showing that there is a genuine issue for trial" in order to defeat the Plaintiff's motion.  Celotex, 477 U.S. at 324.

In his response, the Defendant claims that "Garza was on his personal business and was pulling into the drive of his home [at the time of the accident]. It was not in Garza's normal course of business for Allon to bring the Truck to his home.  Garza brought the Tractor home for his personal benefit."  (D.E. No. 19, Mem. in Supp. of Resp. in Opp., at 8.)  Attached to his response, the Defendant has provided a copy of a driver's log signed by Garza containing hand-written notes stating that Garza was "off-duty" at 2:30; the document is dated November 19, 2004, the day of the collision.  (D.E. No. 19, Ex. 2.)  The Defendant also points out that Garza testified that it was "getting dark" shortly before the collision occurred.  (D.E. No. 19, Supp. Dep. of Garza, at 41.)  Additionally, the Defendant notes that Garza testified that he was taking the truck home to clean it at the time of the accident, and the collision happened "in front of [his] driveway" as he was "backing in."  (Id. at 41, 44.)  He finally notes that there was no trailer attached to the truck at the time.  (Id. at 40.)  The Defendant argues that this evidence raises a genuine factual dispute.

9

Viewing the parties' arguments in the light most favorable to the nonmoving party, see Matsushita, 475 U.S. at 587, the Court finds that the Defendant has shown a genuine factual dispute as to whether Garza was acting on behalf of Allon Delivery when the truck and Watson's vehicle collided. Even when considering all the facts stated in the Plaintiff's "Statement of Material of Facts" to be undisputed, summary judgment is inappropriate. Assuming it to be true, as the Plaintiff alleges, that Garza was returning from detaching a trailer owned by Allon Delivery and that Harber previously stated that he thought Garza was "on duty for Allon" when the collision occurred, the additional evidence referenced by the Defendant's reply may still establish, in the mind of a reasonable trier of fact, that Garza was not working on behalf of Allon Delivery at the time of the collision, which would render the exclusion in the policy inapplicable. Specifically, a reasonable trier of fact may find the evidence–that the driver's log indicates Garza was "off-duty," that the trailer was detached, and that Garza was pulling into his driveway–preponderates in favor of the conclusion that Garza was not acting on behalf of Allon Delivery. These "specific facts" that the Defendant has brought to the Court's attention raise more than mere "metaphysical doubt" as to a fact material to the outcome of the case. Celotex, 477 U.S. at 324; Matsushita, 475 U.S. at 586.

To summarize, the Defendant has presented additional and countervailing evidence in the record, which a reasonable trier of fact could use and interpret to reach a resolution contrary to that advocated by the Plaintiff. These additional facts create a "sufficient disagreement to require submission to" the trier of fact with regard to whether Garza was acting on behalf of Allon Delivery at the time of the collision. Street, 886 F.2d at 1479 (quoting Liberty Lobby, 477

U.S. at 252-53). Thus, the Plaintiff's motion for summary judgment on the issue of insurance coverage must fail.

## CONCLUSION

For the reasons articulated herein, the Court hereby **DENIES** both the Defendant's and the Plaintiff's motions for summary judgment.

IT IS SO ORDERED this 29th day of August, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE